IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| KENNETH ANNAN | ) |
| Plaintiff, | ) No. 12 C 3577 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| ROMEOVILLE POLICE OFFICER ROBERT ZABOROWSKI, ROMEOVILLE POLICE OFFICER JOHN ALLEN, ROMEOVILLE POLICE OFFICER CHRISTOPHER SWIATEK, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION ORDER**

Plaintiff Kenneth Annan filed a Third Amended Complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 against Defendants Robert Zaborowski, John Allen, and Christopher Swiatek (collectively, the "Officers") alleging that the Officers used excessive force in arresting him and were deliberately indifferent to his medical needs in violation of the Fourth Amendment of the Constitution. The Officers moved to dismiss Count II of Annan's Complaint, the deliberate indifference to medical needs claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the Officers' motion is granted and Count II is dismissed with prejudice.[1]

---

[1] Annan subsequently filed a notice of voluntary dismissal with respect to Defendants Allen and Swiatek. *See* Doc. 66.

## BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 520 (7th Cir. 2003); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). This lawsuit arises from an incident that occurred on May 8, 2010 when the Officers attempted to arrest Annan pursuant to a sworn criminal complaint for Theft of Services arising out of a dispute over payment for automobile "detailing" work. *See* Complaint at Doc. 58, ¶¶ 6-16. On May 9, 2012, Annan filed a complaint against the Village of Romeoville and the Officers alleging claims for False Arrest, False Detention, Excessive Force and Deliberate Indifference to Medical Needs claims. Doc. 1. The Complaint also set forth a claim for malicious prosecution against a separate private individual. He subsequently amended this complaint on October 9, 2012 to remove the malicious prosecution claim but still asserted the constitutional claims against the Village of Romeoville and the Officers. Doc. 29. This Court dismissed those claims on February 25, 2013. *See* Doc. 46, the Court's February 25, 2013 Memorandum Opinion and Order on the Motion to Dismiss the First Amended Complaint (the "Order"). The Court gave Annan leave to amend his excessive force and deliberate indifference to medical needs claims to attempt to add sufficient factual detail to support those claims. *Id.*

Annan filed his Third Amended Complaint, the operative complaint, on April 15, 2013. Doc. 58. The majority of the facts alleged in the Third Amended Complaint were previously described by this Court in its previous opinion and are incorporated herein by reference. *See* Order at Doc. 46   However, Annan also now alleges that he informed the Officers that he had recently suffered from and had been treated for a urinary tract infection so that the Officers would use caution in effecting his arrest. Doc. 58 at ¶ 15. Despite receiving this information, the

Officers frisked Annan's genital area roughly. *Id.* Annan did not attempt to resist the arrest in any way. *Id.* at ¶ 18. Not only did the Officers frisk Annan's genital area when they executed the arrest but they frisked his genital area again when they booked him. *Id.* Annan sought medical treatment at Bolingbrook Hospital a day or two after the arrest. *Id.* In taking these actions, according to Annan, the Officers were deliberately indifferent to his medical needs. *Id.* at ¶¶ 20-26. The Officers have now moved to dismiss this claim.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy,* 51 F.3d at 717. To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true... 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 120 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity then determines if they plausibly give rise to an entitlement to relief. *Id.*

## DISCUSSION

**I. The Deliberate Indifference to the Medical Needs Claim (Count II)**

Annan's Complaint fails to cure the deficiencies this Court previously identified with respect to his deliberate indifference to a serious medical need claim because the Complaint fails to identify the existence of a serious medical need. To adequately state this claim, Annan must

allege the existence of a serious medical need and that the Defendants' response to the need was objectively unreasonable. *See Ortiz v. City of Chicago,* 656 F.3d 523, 530-31 (7th Cir. 2011); *Sides v. City of Champaign,* 496 F.3d 820, 823 (7th Cir. 2007). The definition of a serious medical need is a condition that a physician has diagnosed as requiring treatment or a condition that is so obvious that a layperson would easily recognize the necessity for a doctor's attention. *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).[2]

Nowhere in Annan's complaint does he allege that he required medical treatment when the Officers arrested him. Nor does he describe any physical injuries he suffered as a result of Officer Zaborowski's alleged conduct in frisking him. While he claims that he went to Bolingbrook Hospital for treatment "[a] day or two following [his] release from the [police] station" (Doc. 58 at ¶ 18), he does not allege that the Defendants were aware he was injured or required treatment because there is no allegation that he informed them that he needed treatment for an injury. *See Sides,* 496 F.3d at 823, 828 (holding that for a medical need claim to be actionable, the defendants must have received notice of the plaintiff's medical need). Accordingly, Annan has failed to allege the existence of a medical need or that the Defendants were objectively unreasonable in failing to care for his medical needs.

Instead, Annan merely recasts his adequately stated claim for excessive force as an additional claim for deliberate indifference to a medical need. Namely, he alleges that Defendant Zaborowski "manhandled" his groin where he had sensitivity due to a recent urinary tract infection. This "manhandling," according to Annan, constitutes not only excessive force but also deliberate indifference to his medical needs because he had a medical need not to have his groin

---

[2] The Court previously held that Annan's claim would be analyzed under the Fourth Amendment's objectively unreasonable standard because the alleged constitutional violations occurred before any probable cause hearing had been held. *See* Order at 9 (citing *Lopez v. City of Chicago,* 464 F.3d 711, 719 (7th Cir. 2006)).

4

manhandled. However, a need to be free from manhandling is not a serious medical need. If it were, any claim for excessive force would also constitute an actionable deliberate indifference to medical need claim. This is not the case. *See, e.g., Leander v. City of Rockford,* No. 98 C 50259, 2002 WL 31556526, at *1 (N.D. Ill. Nov. 18, 2002) (denying plaintiff's attempt to recast excessive force claim as a medical need claim because "it is unnecessarily confusing to call what is really an excessive force claim something else."). Since Annan has failed to allege an injury that required medical attention at the time of his arrest or that the Defendants were aware of any such injury, he has failed to state a claim for deliberate indifference to his medical needs.

## II.     Further Leave to Amend Is Futile

Federal Rule of Civil Procedure 15(a)(2) directs a district court to grant leave to amend a complaint "when justice so requires." *See also Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 943 (7th Cir. 2012). In interpreting this, the Supreme Court and the Seventh Circuit have held that district courts should only refuse to grant leave where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009). Where a court has previously given a party multiple opportunities to amend a complaint to fix deficiencies and the plaintiff fails to do so, further leave to amend may be denied based on futility. *See, e.g., Butler v. East Lake Mgmt. Group,* No. 10 C 6652, 2013 WL 2112032, at *4 (N.D. Ill. May 15, 2013) (dismissing complaint with prejudice because the Court gave plaintiff multiple opportunities to amend to correct deficiencies); *Shailja Gandhi Revocable Trust (November 6, 2002) v. Sitara Capital Management, LLC,* No. 09 C 3141, 2012 WL 3580680, at *10-11 (N.D. Ill. Aug. 14, 2012) (same); *Eckardt v. Kouri,* No. 11 C 1011, 2011 WL 4946505, at *3 (C.D. Ill. Oct. 18, 2011)

(same).  Annan has now had four attempts to state a medical needs claim.  It is apparent that he cannot because his medical needs claim is nothing more than a recast of his excessive force claim.  Accordingly, this claim is dismissed as futile.

## **CONCLUSION**

For the reasons set forth above, the Officers' motion is granted and Count II of Annan's Complaint is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date:  July 16, 2013